IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
April 2000 Session

**STATE OF TENNESSEE v. DANIEL JOE JAMES**

**Direct Appeal from the Circuit Court for Franklin County**
**No. 12297     Buddy D. Perry, Judge**

---

**No. M1999-1423-CCA-R3-CD - Filed July 28, 2000**

---

On September 9, 1998, the Defendant, Daniel Joe James, was charged with possession of a controlled substance with intent to deliver. The Defendant was convicted by a jury of simple possession of a controlled substance. He received a sentence of eleven months and twenty-nine days probation and was fined $2,500.00. The Defendant now challenges the sufficiency of the convicting evidence. On appeal, the State has conceded that the evidence is insufficient to support a conviction. After a careful examination of the record, we agree that there is insufficient evidence against the Defendant to support a conviction. Therefore, we reverse the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed**

WEDEMEYER, J., delivered the opinion of the court, in which WADE, P.J., and SMITH, J., joined.

David O. McGovern, Assistant Public Defender, Jasper, Tennessee, for the appellant, Daniel Joe James.

Paul G. Summers, Attorney General and Reporter, and Russell S. Baldwin, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

The Defendant contends that the evidence presented at trial was insufficient to support his conviction for simple possession of marijuana. We agree.

Angela Sanders, a co-Defendant in this case, testified that on May 9, 1998, the Defendant called and asked her if she could get him some marijuana. According to the record, Sanders obtained a large quantity of marijuana and placed it under the driver's seat of her own car. Later that evening she picked up the Defendant from his parents' house, and they both went to Sanders' brother's house. Sanders got into a disagreement with her sister-in-law and left with the Defendant in her car. In the meantime, Sanders' sister-in-law called the police. A police officer responding to the call recognized

Sanders' car from the description that her sister-in-law had given. When the car was pulled over, the Defendant was driving, and Sanders was in the passenger seat. A second officer arrived on the scene shortly thereafter and detected an odor that smelled like marijuana in the car. The officer searched the Defendant and found what he believed to be a small bag of marijuana in the Defendant's pocket. The officer placed the bag on the trunk of Sanders' car; however, the Defendant was able to grab the bag off the trunk and dump its contents in the grass. The contents were not recovered.

The trial court initially admitted testimony regarding the small bag of marijuana, but later decided that it had erred and instructed the jury not to consider any evidence regarding the bag taken from the Defendant.

Sanders was taken to jail on a weapons charge, where a search disclosed a large amount of marijuana in her pants. Sanders testified that while her car was being pulled over by the police, she had put the marijuana that had been under the seat into her pants. The only evidence presented at trial which would suggest that the Defendant knew about the marijuana in the car is Sanders' testimony that earlier in the day the Defendant had asked her to get him some marijuana. Thus, the Defendant challenges the sufficiency of the evidence used to convict him of knowingly possessing the marijuana that was found on the co-Defendant.

When an accused challenges the sufficiency of the convicting evidence, this Court must review the evidence in a light most favorable to the prosecution in determining whether 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' State v. Meade, 942 S.W.2d 561, 564 (Tenn. Crim. App. 1996) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)) (emphasis omitted). Because the presumption of innocence is replaced by a presumption of guilt upon conviction, a convicted criminal defendant bears the burden of showing that the evidence presented at trial was insufficient. McBee v. State, 372 S.W.2d 173, 176 (Tenn. 1963). On appeal, this Court must afford the State "the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom." State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). A criminal conviction shall be set aside where the evidence is insufficient to support the finding by the trier of fact of guilt beyond a reasonable doubt. Tenn. R. App. P. 13(e).

For a defendant to be guilty of simple possession, the statute requires that the defendant *knowingly* possess a controlled substance. Tenn. Code Ann. § 39-17-418. In this case, the only proof before the jury concerning the mens rea of the Defendant was Sanders' testimony that the Defendant had called her earlier that day and asked whether she had, or could get, any marijuana. There is no evidence in the record indicating that the Defendant ever learned that Sanders had in fact acquired the marijuana. The State has conceded that there was no additional evidence presented at trial to support the *knowing* possession of marijuana by the Defendant.

Having carefully reviewed the record, we agree that there was insufficient evidence presented at trial to support a conviction of the Defendant. Therefore, we reverse the judgment of the trial court.

Accordingly, the judgment of the trial court is reversed.

_____
ROBERT W. WEDEMEYER, JUDGE